2009R01422/JTE/BAW/ms

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
| v. | : | Crim. No. 13-385 (SRC) |
| DAVID NICOLL, | : | **STIPULATION AND ORDER** |
| Defendant. | : | |

WHEREAS, on or about October 23, 2013, the Court entered a First Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) as to defendant David Nicoll (the "First Preliminary Order"), pursuant to Rule 32.2(b)(2), which forfeited to the United States all of the defendant David Nicoll's right, title and interest in certain Specific Property, for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(l), which Specific Property included all right, title, and interest of the defendant in all funds and other property on deposit in any financial institution accounts held in the name(s) or for the benefit of David Nicoll, and that portion of any and all financial institution accounts that were funded by David Nicoll, and any accounts to which said funds have been transferred, including but not limited to approximately $970,844.10 seized pursuant to a federal seizure warrant issued on or about April 9, 2013 from Valley National Bank Account No. XXXX1517 held in the names of David Nicoll and Emily Back (the "Funds"), which are currently being held on deposit in the United States Marshals Service ("USMS") Seized Asset Deposit Fund pending further order of the Court;

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure require publication and notice to third

parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property;

WHEREAS, pursuant to 19 U.S.C. § 1607, a notice of the government's intent to administratively forfeit the Funds was posted on an official government internet site, namely www.fbi.gov/legalnotices, beginning on June 14, 2013, and running for thirty consecutive days through July 13, 2013, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The claim deadline set forth in the notice was August 13, 2013, and no claims were filed;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), a notice of forfeiture with respect to the Funds was published in the Star Ledger on August 31, 2015, as permitted by Rule G(4)(a)(iii)(B) and (iv)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

WHEREAS, the notices of forfeiture explained that any person asserting a legal interest in the Funds was required to file a petition with the Court within 60 days of the first day of publication of the notice, and that if no such petitions were filed following the expiration of the period for the filing of such petitions, the United States would have clear title to the property;

WHEREAS, on or about March 28, 2014, a letter and a copy of the First Preliminary Order were sent to Emily Back, 312 Boulevard, Mountain Lakes, NJ 07046, by certified mail, return receipt requested.  The cover letter stated that a petition asserting an interest in the Specific Property had to be filed no later than 35 days of the date of the cover letter.  The letter and enclosures were delivered on or about April 2, 2014;

WHEREAS, neither the government nor the defendant is aware of any other person or entity who may have an interest in the Funds;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property where no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site and no timely petitions were filed by persons who were sent direct notice of the forfeiture, in accordance with the procedures prescribed in Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, no petitions were filed or made in this action as to the Funds, no parties have appeared to contest the action as to the Funds to date, and the statutory time periods in which to do so have expired, and therefore the United States is entitled to the entry of a final order of forfeiture as to the Funds pursuant to 21 U.S.C. § 853(n)(7); and

WHEREAS, the United States intends to move for a final order of forfeiture as to a portion of the Funds and to continue to hold the remaining portion in the USMS Seized Asset Deposit Fund (SADF) for use as necessary for the payment of expenses associated with the storage of medical and other records in connection with United States v. Biodiagnostic Laboratory Services, No. 16-cr-304, and related criminal and civil proceedings, and when storage is no longer necessary, for expenses associated with the transportation, packing, destruction and/or other expenses associated with the disposition of the medical and other records, after which the United States will move for a final order of forfeiture as to any Funds remaining in the SADF.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by Paul J. Fishman, United States Attorney (Barbara A. Ward, Assistant United States Attorney, appearing), and defendant David Nicoll, by and through his undersigned counsel, John C. Whipple, Esq., that the USMS is authorized to use up to $250,000 of the Funds as necessary for the payment of expenses associated with the storage of medical and other

records in connection with United States v. Biodiagnostic Laboratory Services, No. 16-cr-304, and related criminal and civil proceedings, and when storage is no longer necessary, for expenses associated with the transportation, packing, destruction and/or other expenses associated with the disposition of such records.

PAUL J. FISHMAN
United States Attorney

Dated: 1/27/17

By: BARBARA A. WARD
Assistant United States Attorney

Dated: 1/27/17

By: JOHN C. WHIPPLE, ESQ.
Counsel for Defendant David Nicoll

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation is So Ordered.

ORDERED this 1 day of February, 2017.

Honorable Stanley R. Chesler
United States District Judge

-4-



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

January 27, 2017

**Electronically Filed**

Honorable Stanley R. Chesler, U.S.D.J.
Frank R. Lautenberg U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

    Re:    *United States v. David Nicoll*, Crim. No. 13-385 (SRC)

Your Honor:

    Enclosed for the Court's approval is a Stipulation and Order, on consent, that would allow for the payment of storage expenses of medical and other records of Biodiagnostic Laboratory Services in connection with United States v. Biodiagnostic Laboratory Services, No. 16-cr-304, and related criminal and civil proceedings, and when storage is no longer necessary, for expenses associated with the transportation, packing, destruction and/or other expenses associated with the disposition of the medical and other records. We respectfully request the Court's endorsement and filing of the Stipulation and Order.

                                      Respectfully submitted,

                                      PAUL J. FISHMAN
                                      United States Attorney

                                      *s/Barbara A. Ward*
                                      By: BARBARA A. WARD
                                      Assistant United States Attorney

Enclosure
cc w/enc (by ECF):
   John C. Whipple, Esq.
   Counsel for Defendant David Nicoll